# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**CRAIG A. SMITH,**

    **Plaintiff,**

**v.**                                     **Case No: 5:21-cv-551-PRL**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

## ORDER

This matter is before the Court on Plaintiff's unopposed motion for attorney's fees. (Doc. 30). Pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), Plaintiff requests an award of fees in the amount of $8,813.94 and recovery of the filing fees of $907.00 pursuant to the judgment fund. The attached schedules of hours confirm the attorney hours. (Doc. 30 at 12-14).[1] Plaintiff represents that the Commissioner has no objection to his motion.

Plaintiff asserts that he is the prevailing party in this litigation, that the Commissioner's position in the underlying action was not substantially justified and that his net worth at the time proceeding was filed was less than two million dollars.[2] On May 3, 2024, the Court entered an Order reversing and remanding this cause back to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 27). The same day, the

---

[1] Plaintiff represents that he paid the $402.00 filing fee for the district court appeal and the $505.00 filing fee for the circuit court appeal.

[2] Under the EAJA, a claimant is eligible for an attorney fee award where: (1) the claimant is a prevailing party in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million at the time the complaint was filed; and (5) there are no special circumstances which would make the award of fees unjust. 28 U.S.C. § 2412(d).

Clerk entered Judgment. (Doc. 28). On August 1, 2024, Plaintiff filed his motion for attorney's fees. (Doc. 30).

Plaintiff attached a copy of the fee agreement (Doc. 30-1), which includes Plaintiff's assignment of EAJA fees to his counsel. Given the assignment, Plaintiff requests (and the Commissioner agrees) that the payment should be made payable to Plaintiff and delivered to Plaintiff's counsel unless Plaintiff owes a federal debt. If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government will accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel.

Pursuant to the provisions of the Equal Access to Justice Act (28 U.S.C. § 2412(d)), Plaintiff's motion for attorney's fees (Doc. 30) is hereby **GRANTED**. Plaintiff is awarded attorney's fees in the amount of **$8,813.94** and costs in the amount of **$907.00** to be paid pursuant to the judgment fund. Payment is authorized to Plaintiff's counsel if the Commissioner determines Plaintiff does not owe a debt to the government.

**DONE** and **ORDERED** in Ocala, Florida on August 7, 2024.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties